Raoul H. deRaismes, individually, &c., et al., complainants-respondents,

*v.*

Edwin B. Rice et al., defendants-appellants.

[Argued October 25th, 1938. Decided February 6th, 1939.]

*Messrs. Stickel & Stickel* and *Mr. Harold M. Kain,* for the defendants-appellants.

*Mr. Fred E. Shepard,* for the complainants-respondents.

The opinion of the court was delivered by

Donges, J.

This appeal is from a decree of the court of chancery construing the will of one George J. Ryan, and decreeing that the estates of Ella J. Brigham and Annie T. Morehead, beneficiaries of bequests in the will, are not entitled to share in the residue of Ryan's estate. It appears that the will was actually drawn by one Hippolyte A. deRaismes, who was a beneficiary and also executor and trustee under the will. On distribution of the estate by said Hippolyte deRaismes he gave to said Brigham and Morehead not only the specific bequests but also their share of the residue under the twelfth clause of the will. It further appears that after the distribution, some property in Texas was discovered which was rented, and out of the rents the estates of Brigham and Morehead were given their proportion. But upon a re-letting at a higher rate, the substituted administrator, the original executor having died, filed this bill to have determined whether or not the estates of the two women were entitled to participate in the residue.

The twelfth clause of the will is the one to be construed and that reads as follows:

*"Twelfth:* I give, devise and bequeath all the rest, residue and remainder of my estate, whether real, personal or mixed of whatsoever kind, character or description and wheresoever situated unto Hippolyte A. deRaismes my executor and trustee hereinafter named and hereby direct and empower my said executor and trustee to sell and dispose of the same either at public or private sale and do further direct my said executor and trustee to divide and distribute the proceeds of such sale or sales to such of my relatives and friends herein named in this my will, such proceeds to be divided between the said relatives and friends according to the

fractional interest hereinbefore devised to each of them bears to the whole interest of my real and personal estate after the same has been so disposed of and sold by my said executor and trustee."

In the body of the will all of the individual beneficiaries, with the exception of these two women, are designated as either cousins or friends, or both. These two women were not so designated. It appears from the stipulation that they were former sweethearts, both of whom the testator desired to marry, but neither of whom consented to marriage.

The insistence of the respondents is that because the clause disposing of the residue uses the words "to divide and distribute the proceeds of such sale or sales to such of my relatives and friends herein named in this my will," and inasmuch as the women were not characterized by the term "friend" or "relative," they were excluded from the residue. The vice-chancellor adopted this view, and in so doing fell into error.

This will does not say that the residue is to go to those designated as "relatives" or "friends," but says that the residue is to go to the relatives and friends "herein named in this my will." It would appear from the language used that the purpose of the testator was to give the proceeds to the *individuals* "herein named," not to those who were characterized or, by the use of words, designated as relative or friend. It was his intention to include all the individuals who were designated as beneficiaries. Inasmuch as there were bequests to charitable organizations, namely, a church and a hospital, the purpose was to distinguish between the individuals and the charitable organizations, omitting the charitable organizations but including the individuals whether they were friends or relatives.

The construction adopted by the court below imputes to the testator a subtlety of distinction in the use of language that is not to be attributed to the lay mind. That Mrs. Brigham and Mrs. Morehead were regarded by the testator as dear friends is clear from the will itself and the stipulation. The failure to designate them by the term "friend," considered in the light of the stipulated facts, indicates that he held them in the

highest regard and that he considered each of them as more than an ordinary friend. Yet he was not giving them a separate category for the purpose of the will. There is no such purpose indicated. Did he intend to exclude them, whom he regarded as closer than the other friends named, from the residuary estate? That intention does not appear. What he thought of them is indicated by the *quantum* of the bequests as compared with the others, the bequest to Mrs. Brigham being in the sum of $5,000 and that to Mrs. Morehead in the sum of $3,000, and no other bequest being in excess of $2,000. The specific bequests were testator's chief concern. What remained should go in the same proportions. "Relatives and friends herein named" is all inclusive. There is no broader category so far as the will discloses. And deRaismes, the lay draftsman whose language the will contains, so regarded the expression, and distributed the residuary estate on this assumption.

Nor is there virtue in the claim that there was a purposeful distinction because the deceased desired to exclude the unfriendly relatives of these women from participation in his estate. They would participate in the bequests if the women died before consuming the bequests. If that were his purpose, it is fair to assume it would not be left to implication but would be explicitly declared, or the bequests so clearly limited as to accomplish this purpose. And deRaismes, the draftsman and executor who would profit by such an interpretation, was not aware of it.

The appellants contend that, without regard to the other matters urged, the practical construction of the scrivener standing alone is controlling, but that is not so where it would be in conflict with the plain terms of the will as to the part of the estate not distributed. In the instant case, it is not necessary to rest the decision upon this ground because a fair and rational construction of the will itself leads to the conclusion that it was not the purpose of the testator to exclude these two women, but on the contrary that it was his purpose to include every individual named in his will. We conclude that it cannot be construed as limiting friends to those who have been characterized by the use of that word in

connection with the name of the beneficiary, but that all individuals named are to be regarded as either friends or relatives.

The decree is reversed.

*For affirmance*—TRENCHARD, PARKER, PERSKIE, HETFIELD, WOLFSKEIL, WALKER, JJ. 6.

*For reversal*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, HEHER, PORTER, DEAR, WELLS, RAFFERTY, JJ. 9.